■ In the Matter of the Claim of WILLIAM DAVIS, Respondent, against MONROE SANDER CORP. et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board, appellants' contention on appeal being that the decision improperly relieved the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law. Claimant was injured on October 29, 1946. The case was closed with a schedule award which was paid March 10, 1953. The case was later reopened, the schedule award rescinded, an award made March 2, 1954 for disability for the period January 1, 1954-March 3, 1954 and the case closed pending an operation. The carrier did not pay this award in cash but credited it as an offset against the rescinded schedule award. Subsequently the case was again reopened and an award made for disability for the period February 5, 1956-April 29, 1956. In its memorandum decision affirming the referee's decision, the board held that the Special Fund had been properly discharged, and the action of the carrier in crediting the award of March 2, 1954 as an offset was treated as payment of compensation made within three years of the subsequent reopening of the case and the employee's application for compensation. (Workmen's Compensation Law, § 25-a, subd. 1.) In its findings, the board stated that on February 20, 1956 claimant's physician filed with it his report of an operation. This date was, of course, within three years of the payment of March 10, 1953 and the report might properly be treated as an application to reopen. (*Matter of Norton* v. *New York State Dept. of Public Works,* 1 N Y 2d 844; *Matter of Forrest* v. *Church of St. Anthony of Padua,* 2 A D 2d 727.) Appellants contend that the board did not, at the time, treat it as such. However, the findings, in which it was alluded to, constituted the final and complete expression of the board's determination and, in any event, the board's jurisdiction was continuing to and beyond the time the findings were signed. (Workmen's Compensation Law, §§ 22, 123.) Recognizing that an appeal might not have been taken had the memorandum decision specifically referred to the effect of the doctor's report, we do not award costs upon this affirmance. Since, under the board's determination, application to reopen was properly made within the three-year period, it was, of course, not necessary that a payment of compensation have been made within that period. Accordingly, we need not pass on appellants' contention that the credit by the carrier of the amount of the March 2, 1954 award did not constitute "actual payment" of the last installment of compensation previously awarded (Workmen's Compensation Law, § 25-a, subd. 7). Decision and award affirmed, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.